**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE EDGARDO GRANADOS-
CASTRO, a.k.a. Jorge Adgar Granados-
Castro

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-70872

Agency No. A200-691-607

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jorge Edgardo Granados-Castro, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that Granados-Castro established extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, Granados-Castro's asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Granados-Castro's application of the only harm he allegedly suffered. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported where incidents petitioner omitted from asylum application materially altered claim). Substantial evidence also supports the agency's finding that the background evidence does not support Granados-Castro's fear of future harm. *See Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir. 2001) (noting importance of country conditions evidence in evaluating context of alleged persecution). Accordingly, Granados-Castro's withholding of removal claim fails.

12-70872

Finally, substantial evidence supports the agency's denial of Granados-Castro's CAT claim because he failed to show it is more likely than not he will be tortured if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**